UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PERLICK CORPORATION,

        Plaintiff,                    Case No. 1:22-cv-10862

v.                                            Honorable Thomas L. Ludington
                                                United States District Judge

GLASTENDER, INC.,

        Defendant.
_____/

**OPINION AND ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**

This is a patent-infringement action that Plaintiff Perlick Corporation filed against Defendant Glastender Inc. on April 21, 2022. ECF No. 1. The next day, this Court issued a summons for Plaintiff to serve on Defendant. *See* ECF No. 3. Plaintiff had until July 21, 2022, to perfect service of process. *See* FED. R. CIV. P. 4(m) ("[I]f a defendant is not served within 90 days after the complaint is filed, [then] the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

Two weeks after service of process was due, this Court directed Plaintiff to show cause why its complaint should not be dismissed for failure to prosecute. ECF No. 4.

Although Plaintiff responded 12 days later, it has still not served process on Defendant. ECF No. 5. Plaintiff acknowledges that it "missed this deadline" but nevertheless suggests that "good cause exists for extending the deadline for service" because it "provided a courtesy copy of the Complaint to counsel for Defendant on May 6, 2022," "the parties have [since] engaged in settlements discussions," and its delay "was part of the parties' efforts to resolve this dispute." *Id.*

Plaintiff must demonstrate good cause for failing to serve process on Defendant. *Friedman v. Est. of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991) (citation omitted). "[C]ounsel's inadvertent

failure or half-hearted efforts to serve a defendant within the statutory period does not constitute good cause." *Id.* (collecting cases); *accord Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 324 (E.D. Mich. 2001) ("[I]nadvertence and miscommunication . . . are not enough to establish good cause."). Good cause may be satisfied by "a reasonable and diligent effort to effect service." *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 74 (6th Cir. 1994) (citation omitted); *accord Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019) ("Generally, for purposes of Rule 4(m), 'good cause' requires some showing of diligence on the part of the plaintiffs."). "[I]f the plaintiff shows good cause for the failure, [then] the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m).

Plaintiff has not demonstrated good cause. Although Plaintiff's failure to serve process was due to inadvertence, it could demonstrate good cause through diligence by, for example, ordering a new summons or serving process on Defendant. *E.g.*, *Habib*, 15 F.3d at 75 (reversing district court's finding of lack of good cause because plaintiff "immediately attempted to make service with the magistrate's instructions"). As yet, Plaintiff has made no attempt to serve process—even after being directed to show cause for failure to prosecute. Similarly, neither Plaintiff's uncorroborated settlement negotiations with Defendant nor Defendants alleged actual knowledge of the suit may cure Plaintiff's failure to serve process. *See Leisure v. Ohio*, 12 F. App'x 320, 321 (6th Cir. 2001) (unpublished) ("The fact that a copy of the complaint was mailed to the defendants cannot substitute for proper service of process, as actual knowledge of a law suit will not cure defective service of process." (citing Friedman, 929 F.2d at 1155–56)).

Yet, even without good cause, this Court may extend the deadline for service of process after considering the following seven factors:

(1) whether an extension of time would be well beyond the timely service of process;

>(2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
>(3) whether the defendant had actual notice of the lawsuit;
>(4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;
>(5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;
>(6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and
>(7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*United States v. Oakland Physicians Med. Ctr., LLC*, No. 22-1011, 2022 WL 3335658, at *3 (6th Cir. Aug. 12, 2022).

Those seven factors do not warrant an extension here. Although Plaintiff alleges Defendant has actual notice of the suit, there is no such corroboration in the record. Further, the statute of limitation would not expire. Moreover, Plaintiff is not *pro se* and, as explained earlier, has not made any good-faith effort to perfect service of process. And the record does not demonstrate any relevant equitable factors. Only the first two factors weigh in favor of an extension, as an extension would be slightly beyond the timely service of process and not prejudice Defendant. But those two factors do not outweigh Plaintiff's continued inadvertence, ability to refile the case, or lack of prejudice from dismissal.

For these reasons, the Complaint will be dismissed. FED. R. CIV. P. 4(m).

Accordingly, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1 is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

Dated: August 18, 2022

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge